

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 11, 1947

Hon. A. O. Willman, Director
Veterans State Service Office
Land Office Building
Austin, Texas      Opinion No. V-05

           Re: Whether or not it is le-
gal for the Veterans
State Service Office to
pay out of its expense
fund, expenses incurred
by employee on temporary
duty, such employee be-
ing carried on the sal-
ary payroll of the Adju-
tant General's Depart-
ment.

Dear Mr. Willman:

       We beg to acknowledge receipt of your request
for an opinion upon the above subject matter, your re-
quest being as follows:

       "Colonel Thomas W. Gahagen who is employed by the
Adjutant General's Department has been assigned
to this office on temporary duty effective October
22. Since that time expenses incurred by him while
traveling for this office are being paid out of
our traveling expense fund.

           QUESTION: Is it legal for the
Veterans' State Service Office
to pay out of its expense fund,
expenses incurred by an employee
while on temporary duty with this
office and employee is being carried
on the salary payroll of the Adjutant
General's Department?"

       We beg to advise that the payment of the trav-
eling expense of the employee of the Adjutant General's
Department named by you may not be paid from Item 104 -

Traveling expenses - of the appropriation for Veterans State Service Office, our reasons therefor being as follows:

It is fundamental law that no monies may be paid from the State Treasury except upon a specific appropriation made by the Legislature for the particular purpose to which it is applied. Item 104 of your appropriation for traveling expense necessarily means that such fund is to be applied to the traveling expense of officers and employees in your Service. As we understand your letter, the facts are that Colonel Gahagen is not an officer or employee whatever of your Service but on the contrary he is an officer or employee of the Adjutant General's Department and his salary is being paid from the appropriate item of the appropriation for that department. While Colonel Gahagen is performing actual services for the benefit of your Service, and while the cooperation in this respect of the AdjutantGeneral's Department is a most worthy one, nevertheless the Comptroller would not be authorized to approve the claim and issue his warrant for Colonel Gahagen's expenses against Item 104 or any other item of the appropriation for the Veterans Service.

This opinion follows opinion #0-7257 by this department to Honorable L. A. Woods, State Superintendent of Public Instruction, wherein we said, "There is in the appropriation for the State Department of Education, for the current biennium, Item 26, - Traveling Expense - $10,750.00 per annum. The purpose for which that item of appropriation is made is, of course, to pay the traveling expense of employees and representatives of the department. This could not possibly be construed to include the travel expense of persons, however worthy, and however helpful, who were not members or employees of the department."

SUMMARY: The travel expense of one belonging to the Adjutant General's Department whether as an officer or an employee may not be paid from the appropriation made for travel expense of the Veterans Service Office, such person being neither an officer nor an employee of the Veterans Service Office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*

Ocie Speer
Assistant

APPROVED JAN. 11, 1947

*Price Daniel*

ATTORNEY GENERAL

OS:WB*

Approved Opinion Committee
        By BWB
        Chairman